UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND LABORERS' TRAINING TRUST FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, <br> Plaintiffs, <br><br> v. <br><br> DELUCCA INDUSTRIES, INC., <br> Defendant. | C.A. No. |

# VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and (d)(1) and 1145 and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans and to submit to an audit.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Delucca Industries, Inc. ("Delucca") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant Delucca is a New Hampshire corporation with a principal place of business at 120 Ridge Road, Middleton, NH 03887 and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185. Its Registered Agent is listed as Charles W. Therriault, Jr. at 10 Commerce Park N S13A, Bedford, NH 03110.

## GENERAL ALLEGATIONS OF FACT

10. On or about October 23, 2019, Delucca signed an Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements"), agreeing to be bound *inter alia* to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds. A true and accurate copy of Delucca's signed Acceptance of Agreements is attached hereto as Exhibit A.

11. By virtue of the Acceptance of the Agreements, Delucca is party to the Heavy & Highway Agreement between the Union and the Labor Relations Division of the Construction Industries of Massachusetts, Inc. (the "CBA") and the Heavy & Highway Agreement between the Union and the Labor Relations Division of Massachusetts, Inc. on behalf of Local 327, Augusta, Maine, Local 668, Manchester, New Hampshire and Local 976, Portsmouth, New Hampshire. A copy of the relevant pages of the 2017-2022 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed. See Ex. B, pp. 24-29.

13. The CBA also requires employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Construction Industries of Mass. Advancement Fund (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 29-31, 33, 36-37.

14. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

15. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency. Id. at 31-33.

16. Signatory contractors such as Delucca are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

17. Delucca has failed to submit contributions and reports in a timely manner for the months of October, November, and December 2019. On information and belief, Delucca employed laborers for work covered by the CBA during these months.

18. A payroll audit, whereby the Funds' auditor reviews pertinent employment and payroll records of the signatory contractor for a given period of time, is necessary to establish that laborers' hours have been accurately accounted for and that the correct payments have been made by the contractor. The payroll audit is the most reliable means of determining whether additional contributions are owed to the Funds, and, if so, the extent of the liability.

19. Article XXI, Section 5 of the CBA explicitly addresses the contractual right of the Funds to audit an Employer's payroll records.

20. Section 4.5 of the Restated Agreement and Declaration of Trust of the Health and Welfare Fund, which is incorporated by reference in Exhibits A and B hereto, provides as follows:

Production of Records

Each Employer shall properly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.

The Trustees may by their auditor or other representatives, examine the pertinent employment and payroll records and such other records necessary to establish accurately the correct payments and the correct hours upon which contributions should be based of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance.

## **COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS**

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

5

22.     The failure of Delucca to make payment of all contributions owed to Plaintiff

Funds on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

23.     Absent an order from this Court, Delucca will continue to ignore its obligations to

remit the contributions it owes to the Funds.

24.     A copy of this Complaint is being served upon the Secretary of Labor and the

Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. §

1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

25.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 24 above.

26.     The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C.

§ 185.

27.     The failure of Delucca to pay the contributions it continues to owe for October,

November, and December 2019, to remit the deducted dues, and to submit remittance reports

violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Enter judgment in favor of the Funds on Count I in the amount of all contributions

due for the months of October, November, and December 2019, plus any additional amounts

determined by the Court to be owed to the Funds or which may become due during the pendency

of this action, together with interest on the unpaid contributions at 10 percent per annum,

liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the

total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29

U.S.C. § 1132(g)(2);

      b.      Enter judgment in favor of the Funds on Count II in the amount of any unpaid contributions and dues for the months of October, November, and December 2019, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action;

      c.      Order Delucca to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

      d.      Enter a preliminary and permanent injunction enjoining Delucca from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      e.      Enter a preliminary and permanent injunction enjoining Delucca from refusing or failing to pay the contributions and interest owed to the Funds;

      f.      Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Delucca; and

      g.      Such further and other relief as this Court may deem appropriate.

      Respectfully submitted,

      TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, *et al*.,

      By their Attorneys,

      <u>/s/ Nathan P. Goldstein</u>
      Nathan P. Goldstein, BBO No. 666101

> Sasha N. Gillin, BBO No. 690769
> SEGAL ROITMAN, LLP
> 33 Harrison Avenue, 7th Floor
> Boston, MA 02111
> (617) 742-0208, Ext. 253
> ngoldstein@segalroitman.com
> sgillin@segalroitman.com

Dated: February __28__, 2020

## VERIFICATION

I, Louis A. Mandarini, III, Executive Director of the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __28__ DAY OF FEBRUARY, 2020

_____
Louis A. Mandarini, III

NPG/npg.sng&ts___
6306-20043/complt.doc